**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| BENJAMIN A SACHS | § | |
| MIRIAH L. SACHS | § | Case No. 24-34713 |
| *Debtor(s)* | § | Chapter 7 |
| | § | |
| | § | |
| BENJAMIN A. SACHS | § | |
| *Plaintiff,* | § | |
| | § | Adversary Proceeding No. _____ |
| *v.* | § | |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| EDUCATION and AIDVANTAGE ET AL., | § | |
| *Defendants.* | § | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

COMES NOW Plaintiff(s), and files this Complaint to Determine Dischargeability of Student Loan, and for good cause would show the Court the following:

### JURISDICTION AND VENUE

The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This Complaint is commenced pursuant to sections 523(a)(8) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(1)(2) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas, Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## PARTIES

Plaintiff is the Debtor ("Plaintiff" or "Debtor") in the underlying bankruptcy case and resides at 13111 Wortham Brook Lane, HOUSTON, Tx 77065.

Defendant United States Department of Education may be served with a copy of this Adversary Complaint and the Summons at the U.S. Department of Education, 400 Maryland Avenue, SW, Washington, D.C. 20202 and by serving the United States Attorney, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77042, and by serving the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

Defendant(s) AidVantage may be served with a copy of this Adversary Complaint and the Summons at P.O. Box 9635 Wilkes Barre, PA 18773.

## FACTUAL BACKGROUND

Plaintiff/Debtor has the following student loans: AidVantage. The outstanding balance of the student loans Plaintiff/Debtor is seeking to discharge in this adversary proceeding is $273,960 Plaintiff/Debtor incurred the student loans while attending University of Washington, Seattle & University of Western States, Oregon, where Plaintiff/Debtor was pursuing a D.C. degree. Debtor/Plaintiff completed my course of study and received a D.C. degree. Debtor/Plaintiff is currently employed as a Chiropractor, at The Joint Chiropractic Vintage Park - 10927 Louetta Road, Suite 220 -Houston, TX 77070.

Debtor/Plaintiff does not have the ability to make payments on the student loan(s) while maintaining a minimal standard of living himself/herself and his/her household, as his/her gross monthly income is $7,211.68 (including $2,033 of exemptible Social Security Income), and monthly expenses are $ 7,110.

In addition, Plaintiff/Debtor's financial circumstances are unlikely to materially improve over a significant portion of the repayment period and the loans the Plaintiff/Debtor is seeking to discharge have been in repayment status for at least 10 years.

Plaintiff/Joint-Debtor has a disability or chronic injury impacting income potential.

Plaintiff/Debtor is currently employed but the income is insufficient to pay the loan(s) that Plaintiff/Debtor is seeking to discharge, and the income is unlikely to increase to an amount necessary to make substantial payments on the student loan(s).

Social Security Dependent Income will cease when children turn eighteen (18), reducing disposable income into the negative.

Plaintiff/Debtor has made good faith efforts to repay the student loan(s) at issue in this proceeding, including: ( 1 )  making a total of at least $10,000 in payments, (2) he/she applied for a forbearance or deferment for at least 72-100 months, and (3) he/she attempted to contact the company that services or collects on their student loan(s) or the Department of Education regarding payment options, forbearance and deferment options or loan consolidation at least ten (10) times. Furthermore, Plaintiff/Debtor has enrolled in one or more "Income Driven Repayment Programs" or similar programs offered by the Department of Education.

Plaintiff/Debtor submits the following circumstances as additional support for the efforts to discharge student loan(s) as an "undue hardship" under 11 U.S.C. § 523(a)(8).

### DISCHARGEABILITY UNDER 11 U.S.C. 523(A)(8).

11 U.S.C. 523(a)(8) provides as follows:

523(a) states a discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt -
(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
**(A)(i)**
an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
**(ii)**
an obligation to repay funds received as an educational benefit, scholarship, or stipend.

Plaintiff/Debtor has demonstrated that it would impose an undue hardship on the debtor and the debtor's dependents to except the student loan(s) from discharge.

**WHEREFORE**, Plaintiff/Debtor respectfully requests that the Court determine that Plaintiff/Debtor's student loan(s) debt to Defendants are dischargeable under 11 U.S.C. 523(a)(8), and that the Court grant Plaintiff/Debtor such other and further relief to which he/she may show themselves entitled.

(Signature Page to Follow)

Respectfully submitted,

/s/Robert W. Berleth
Robert W. Berleth
Berleth & Associates, PLLC
9950 Cypresswood Dr., Ste. 200
Houston, TX 77070
Phone: 7139621119
Email: rberleth@berlethlaw.com
*Attorney for Debtor(s)*